UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAFFI KHATCHADOURIAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE,<br><br>　　　　　Defendant. | Civil Action No. 23-3670 (CJN) |

**DEFENDANT'S REPLY IN SUPPORT OF SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S SUMMARY JUDGMENT CROSS-MOTION**

Defendant, the United States Department of Justice ("Department" or "FBI"), respectfully submits this reply in support of the Department's motion for summary judgment and in opposition to Plaintiff's cross-motion for summary judgment in this Freedom of Information Act ("FOIA") case. Raffi Khatchadourian ("Plaintiff") has filed a complaint regarding his October 10, 2023, FOIA request seeking records regarding Greenpeace from 1976 to 1977. As demonstrated in the motion for summary judgment (ECF No. 14), the Department conducted an adequate search for the requested records and did not locate any responsive records.

In support of this combined reply and opposition, the Department submits the supplemental Declaration of Michael Seidel ("Supp. Seidel Decl."), which further describes the reasonableness of the Department's search.

**INTRODUCTION**

By letter dated October 10, 2023, Plaintiff, on behalf of himself, submitted a FOIA request to the FBI seeking "records regarding Greenpeace, or members of Greenpeace, in the 1976-1977 general time period." Plaintiff's request further specified that the records sought included the "full case file" related to Greenpeace, from which he had previously received documents from the

Department as part of a separate FOIA litigation, *Khatchadourian v. Dep't of Just.*, Civ. A. No. 22-3734 (RDM) (D.D.C.) ("*Khatchadourian I*"). A copy of these documents was provided with Plaintiff's request. *See* Decl. of Michael G. Seidel ("Seidel Decl.") ¶ 5, Ex. A (ECF No. 14-3). On February 12, 2024, the FBI informed Plaintiff that it had conducted a search of the locations reasonably expected to have the requested records and that it was unable to locate any responsive records due to their age and destruction. *Id.* ¶ 10, Ex. E.

In his opposition, Plaintiff incorrectly asserts that there exists a full case file which has not been searched, and that he did not request "records regarding Greenpeace, or members of Greenpeace, in the 1976-1977 general time period," as was clearly stated in his request and the complaint. Opp'n at 1-2.

The Department's motion and accompanying Seidel Declaration described the thoroughness of the search for responsive records (Mot. at 3-7), which included a description of FBI's Central Records System, which "spans the entire FBI organization and encompasses the records of FBI Headquarters, FBI field offices, and FBI legal offices worldwide" and the automated indices therein. *Id.* at 3. The FBI searched all locations and files reasonably likely to contain responsive records. Mot. at 7; Seidel Decl. ¶¶ 18-22; Supp. Seidel Decl. ¶ 7. While a file that may have contained potentially responsive records was identified during the search, the FBI confirmed that the file was destroyed in 1990 pursuant to records disposition regulations. Mot. at 6-7; Seidel Decl. ¶¶ 10, 21, Ex. E. Plaintiff's opposition and cross-motion provide no basis to deny the Department's motion for summary judgment.

## ARGUMENT

**I.     The FBI Correctly Interpreted Plaintiff's FOIA Request.**

Plaintiff is attempting via his opposition and cross-motion to improperly expand the scope of his FOIA request. While an agency has a duty to construe a FOIA request liberally, "it is 'not

obliged to look beyond the four corners of the request.'" *Schubert v. FBI*, 22-3658 (CKK) 2024 WL 341173, at *3 (D.D.C. 2024) (quoting *Kowalczyk v. Dep't of Just.*, 73 F. 3d 386, 389 (D.C. Cir. 1996)). "It is the requester's obligation to ask for what he wants." *Id.* at *4. Plaintiff argues that the FBI misinterpreted Plaintiff's request. Opp'n at 9. In actuality, Plaintiff is attempting to expand the FOIA request based on the erroneous view that the FBI used improper search terms. The Department searched for exactly what Plaintiff requested, used search terms designed to find those records, and searched all locations likely to have them. That is all that FOIA required the FBI to do.

Plaintiff's FOIA request sought records regarding an FBI inquiry into "Greenpeace, or members of Greenpeace ('Greenpeace Inquiry')," which "began in 1976 and was worked at least until 1977," and the "full case file" related to Greenpeace. Seidel Decl. ¶ 5, Ex. A. Plaintiff did not express this Greenpeace inquiry as a certainty but "merely a deduction." *Id.* Ex. A. Plaintiff's complaint (Compl., ECF No. 1) confirms what he is seeking and states that Plaintiff is bringing this FOIA action "seeking disclosure of historical documents about FBI investigative and law enforcement activity concerning Greenpeace, an environmental group, from the mid-1970s." *Id.* at 1. The complaint further describes the request at issue as "seeking all records from an FBI investigation into Greenpeace, or members of Greenpeace, that took place in the 1970s." *Id.* at 2.

Since Plaintiff's request, as verified by the Complaint, specifically sought records related to Greenpeace, members of Greenpeace, and a Greenpeace inquiry that took place in 1976-1977, the FBI searched all repositories of information likely to contain responsive records using the terms "Greenpeace," "Greenpeace Inquiry," "Green Peace," and "members of Greenpeace" for the period January 1, 1976, through December 31, 1977. Seidel Decl. ¶¶ 19-20, Ex. A. Despite

3

the language in his request and complaint, Plaintiff now claims that is not what he requested, but instead requested a separate file that is not a Greenpeace file. Opp'n at 10.

Not only does Plaintiff want to expand his FOIA request, but he also wants to expand and determine the search terms to be used. Opp'n at 10. A FOIA requester cannot dictate the search terms for his or her FOIA request. Rather, a federal agency has discretion in crafting a list of search terms that it believes to be reasonably tailored to uncover documents responsive to the FOIA request. Where the search terms are reasonably calculated to lead to responsive documents, a court should neither micromanage nor second guess the agency's search. *Bigwood v. Dep't of Def.*, 132 F. Supp. 3d 124, 140 (D.D.C. 2015).

Plaintiff mentions the memoranda that he attached to his request and claims the FBI did not examine them or consider them in the search. The FBI did review the memoranda that Plaintiff attached to his request. The FBI has determined that those memoranda were from a separate file that is not part of the Greenpeace file that he requested. Supp. Seidel Decl. ¶ 6. Specifically, those memoranda are part of a records response that Plaintiff already has received in *Khatchadourian I*, wherein Plaintiff requested documents concerning James Rose, a specific third-party individual. *Id.* In that case, the FBI processed and produced to Plaintiff all non-exempt records from that file; there are no other documents or files to provide to Plaintiff in either that case or the instant case. *Id.* Further, the FBI researched the origins of the memoranda provided by Plaintiff and determined that the originating case files had been destroyed in 1991 and 2004. *Id.*; *see also* Supp. Seidel Decl. ¶ 6.

The key difference between the present case and *Khatchadourian* is the request as written by Plaintiff. In *Khatchadourian*, Plaintiff's request sought a file related to a specific individual, and as such, that file was processed. In contrast, in the present case, Plaintiff's request seeks

4

records on Greenpeace, or members of Greenpeace, from 1976 and 1977. This was a subject reasonably expected to be indexed within the automated indices of the FBI's Central Records System. Given the comprehensive nature of the information contained therein (Seidel Decl. ¶¶ 12-13), the Central Records System was the FBI's system of records where records responsive to Plaintiff's request would reasonably be expected to be found. *Id*. ¶ 11.

The Department has provided two reasonably detailed declarations describing its efforts in searching for the records requested by Plaintiff for information relating to inquiries into Greenpeace in 1976-1977. The Department is entitled to a presumption that the search was reasonably tailored to yield responsive documents and was adequate, even though it yielded no results other than a file that was destroyed long ago. *Liberation Newspaper v. Dep't of State*, 80 F. Supp. 3d 137, 145 (D.D.C. 2015). "[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003); *see also Hodge v. FBI*, 703 F. 3d 575, 579 (D.C. Cir. 2013). "An agency may establish the adequacy of its search by submitting reasonably detailed, nonconclusory affidavits describing its efforts." *Baker & Hostetler LLP v. Dep't of Com.*, 473 F.3d 312, 318 (D.C.Cir.2006). "Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir.1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

While Plaintiff may be disappointed with the results of the search, those results do not render the search inadequate, nor do they justify Plaintiff's attempt to expand the scope of his request based on nothing more than speculation that other records related to Greenpeace might exist.

It is well established that agencies read FOIA requests as drafted, and not as either agency officials or the requester might wish it was drafted. *Nat'l Sec. Counselors v. CIA*, 969 F. 3d 406, 410 (D.C. Cir. 2020). There is no bright line rule requiring an agency to use search terms proposed by a requester, and agencies have discretion in crafting search terms that it believes are reasonably tailored to locate responsive documents. *Agility Pub. Warehousing Co. v. NSA*, 113 F. Supp. 3d 313, 339 (D.D.C. 2015). Where the search terms are reasonably calculated to lead to responsive documents, the Court should not "micromanage" the agency's search. *Id.* (quoting *Johnson v. Exec. Off. for U.S. Att'ys*, 310 F.3d 771, 776 (D.C. Cir. 2002)).

The two Seidel declarations submitted by the Department meet the above requirements. Thus, contrary to Plaintiff's argument in his opposition and cross-motion, the Department properly interpreted Plaintiff's request and searched all likely locations for responsive information. Furthermore, the Department has provided Plaintiff with responsive documents that he requested in *Khatchadourian I*.

II. **The Department Did Not Ignore Plaintiff's Attempts to Clarify the Scope of the Request**

As stated above, the Department correctly interpreted the scope of Plaintiff's request and searched all locations likely to yield responsive records. In his opposition and cross-motion, Plaintiff argues that the FBI did not listen to his input on the scope and meaning of his request, "[e]ven if there was some ambiguity as to precisely what Plaintiff is seeking[.]" Opp'n at 12. Plaintiff again is incorrect.

There was no need to clarify the scope of the request, for the request, as well as Plaintiff's complaint, described what he was requesting: "records regarding Greenpeace, or members of Greenpeace"; an "FBI inquiry into Greenpeace, or members of Greenpeace ('Greenpeace Inquiry')"; and a "Greenpeace Inquiry [that] began in 1976 and was worked until at least 1977."

6

Seidel Decl. Ex. A. The complaint likewise states that Plaintiff seeks documents "concerning Greenpeace" and specifically "records from an FBI investigation into Greenpeace, or members of Greenpeace, that took place in the 1970's." Compl. at 1-2.

The Department has responded to Plaintiff's FOIA request as written and has searched for what he requested in all locations reasonably likely to have responsive records, using proper search terms. When Plaintiff argues that the FBI is unreasonably ignoring Plaintiff's attempts to clarify the scope of the request and that he is attempting to assist the FBI in locating records (Opp'n at 12-14), it is really doublespeak for an attempt by Plaintiff to impermissibly expand the scope of his FOIA request. The Department reasonably searched for records concerning Greenpeace from 48 years ago, which Plaintiff requested, and located a file that may have contained responsive documents, but it was destroyed twenty-four years ago. There was no need to further engage with Plaintiff concerning the meaning of the request, for it was clearly framed from the start.

### III.     The FBI Performed an Adequate Search

As demonstrated in the Department's motion and the supporting Seidel Declaration, the FBI conducted an adequate and reasonable search. Mot. at 10-13. Plaintiff argues in his opposition that the Department did not perform an adequate search because it did not follow certain leads in performing the search, thus rendering the search inadequate. Opp'n at 14. Plaintiff incorrectly argues that the FBI did not use relevant search terms, such as the case file number for the requested investigative file and the captioned subject's name, which were identified in the other, unrelated FOIA request and litigation. Opp'n at 15. This is yet another attempt by Plaintiff to expand the scope of his FOIA request beyond what actually was requested.

The FBI, contrary to the argument in Plaintiff's opposition and cross-motion, did in fact expand its search at Plaintiff's request even though it was not required to. In a good faith effort to resolve this litigation seeking nearly fifty-year old documents, the FBI took the extraordinary step

7

of researching and reviewing the case file numbers withheld within the title of the previously processed records from Plaintiff's separate FOIA litigation, *Khatchadourian I*. The FBI then conducted research into those terms and associated files to determine whether they were within the scope of Plaintiff's request. It was determined that the withheld file numbers pertain to investigations into third-party individuals and not an investigation of Greenpeace. Supp. Seidel Decl. ¶ 6. Therefore, the files fall outside of the scope of Plaintiff's request. *Id.*

Nonetheless, the FBI also searched the origin of the memoranda provided by Plaintiff with his request and determined that the originating case files of the documents were destroyed on May 6, 1991, and December 1, 2004, pursuant to applicable record disposition schedules. *Id.*

The FBI thus has fulfilled its obligation to conduct a reasonable search for records responsive to Plaintiff's request. An agency is entitled to summary judgement in a FOIA case with respect to the adequacy of its search if it shows "that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce information requested." *Clemente v. FBI*, 867 F.3d 111, 117 (D.C. Cir. 2017). "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (citation omitted). A search is not inadequate merely because it failed to "uncover[] every document extant." *SafeCard Servs.*, 926 F.2d at 1201; *see Jud. Watch, Inc. v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) ("Perfection is not the standard by which the reasonableness of a FOIA search is measured"). It is appropriate for an agency to search for responsive records in accordance with the manner its records systems are indexed. *Greenberg v. Dep't of Treasury*, 10 F. Supp. 2d 3, 13 (D.D.C. 1998). FOIA does not require that an agency search every division or field office on its own initiative in response to a FOIA request if

responsive records are likely to be located in a particular place. *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Marks v. Dep't of Just.*, 578 F.2d 261, 263 (9th Cir. 1978). Nor does FOIA require that an agency search every record system. *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Where an agency affidavit attests that a reasonable search was conducted, the agency is entitled to a presumption of good faith. *Defenders of Wildlife v. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004).

The two Seidel declarations demonstrate that the Department is entitled to summary judgment in this action. The FBI searched its Central Records System, which consists of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI while fulfilling its mission and integrated functions as a law enforcement and intelligence agency, and in the fulfillment of its administrative and personnel functions. The Central Records System spans the entire FBI organization. Seidel Decl. ¶ 12. FBI personnel access the general indices in this system through Sentinel, the FBI's case management system. Sentinel provides a means for FBI personnel to access the FBI's older manual indices, when necessary. *Id.* ¶ 15.

The FBI determined that a search of the Central Records System automated indices, available within Sentinel via the Sentinel and Automated Case Support search function and the manual indices, accessed via Sentinel, was the most reasonable means for the FBI to locate records potentially responsive to Plaintiff's FOIA request. Seidel Decl. ¶¶ 12-18. Further, as the requested subject matter predates or overlaps the implementation of both Sentinel and Automated Case Support, a manual indices search also was performed. *Id.* ¶¶ 18, 19. Thus, in response to Plaintiff's request, the FBI conducted a search for main entries in the Sentinel, Automated Case Support, and manual indices via Sentinel's search function. The FBI searched

the indices using the following terms: "Greenpeace" and "Greenpeace Inquiry" for the period requested by Plaintiff. The FBI's search resulted in the one potentially responsive file, specifically, file number 192A-MP-76. *Id.* ¶ 19. As described in the Department's motion, file 192A-MP-76 was destroyed on April 3, 1990, pursuant to Records Disposition Schedules approved by the National Archives and Records Administration. Since this properly destroyed file could not be retrieved and reviewed, it is not known if it was responsive to Plaintiff's FOIA request. *Id*. ¶¶ 10, 21 and Ex. E.

The FBI performed an additional search via the Sentinel, Automated Case Support, and manual indices, accessed via Sentinel's search function. The FBI searched the indices using the following terms: "Green Peace," "members of Greenpeace," and "Greenpeace," for the same requested period. The FBI's search using search terms "Greenpeace", "members of Greenpeace" and "Green Peace" resulted in no additional responsive records. *Id*. ¶ 20. Mr. Seidel has affirmed that the FBI has searched all repositories likely to contain responsive records. *Id.* ¶ 22; Supp. Seidel Decl. ¶ 7.

Here, there is no material doubt that the searches performed in response to Plaintiff's request were adequate under FOIA. On February 12, 2024, the FBI informed Plaintiff that it had conducted a search of the locations that could reasonably be expected to have responsive records and that it could locate none. Plaintiff was further advised that although *potentially* responsive records were identified in the search, they were destroyed long ago pursuant to federal regulations, including those of the National Archives and Records Administration. Seidel Decl. ¶ 10, Ex. E.

By searching the comprehensive Central Records System, the FBI searched all repositories likely to contain responsive records. *Id.* ¶ 22. This is the FBI's principal records system and,

given its comprehensive nature and scope, any responsive records would have been found by searching the Central Records System. *Id.* ¶ 22.

Plaintiff has provided no information to reasonably support a possibility that responsive records would reside outside the Central Records System, and there is no indication from the records system search efforts that responsive records would reside in any other FBI system or location. *Id.* Thus, the FBI has searched all locations and files reasonably likely to contain responsive records, and there is no basis for the FBI to conclude that a search elsewhere would reasonably be expected to locate responsive records subject to the FOIA. *Id.*

In sum, the FBI "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce information requested." *Clemente*, 867 F.3d at 117. Accordingly, Defendant is entitled to summary judgment with respect to the adequacy of the searches.

**IV.     The FBI Searched in All Locations Likely to Have Responsive Records**

Plaintiff is correct when he states that his request concerns "events that occurred nearly fifty years ago." Opp'n at 17. He is incorrect when he argues that the FBI mistakenly limited its search for responsive records to the Central Records System. To the contrary, as explained above and in the Department's motion, that search also encompassed additional indices accessed via that System.

The Seidel Declaration describes in detail the FBI's Central Records System, the FBI's search methodology, and the thoroughness of the FBI's search for these old records concerning Greenpeace. Seidel Decl. ¶¶ 11-22. Seidel declared that "[t]he FBI has searched all repositories likely to have responsive records, which would be in the" Central Records System. *Id*. ¶ 22. The Supplemental Seidel Declaration confirms that the FBI has searched "all locations and files" and that there is no further responsive information to process. Supp. Seidel Decl. ¶ 7.

11

## V.     The FBI Performed an Expansive Search

In his last argument, Plaintiff continues to argue that the "leads" provided by Plaintiff should have prompted the FBI to expand its search. Opp'n at 19. The FBI did perform an expansive search in all locations likely to contain responsive records, and included the leads provided by Plaintiff. Seidel Decl. ¶ 22; Supp. Seidel Decl. ¶ 7. The details of the expansive search have been explained above and in the Department's motion, at pp. 3-7. Regarding the "leads" provided by Plaintiff, in a good faith effort the FBI used the information provided by Plaintiff in the other litigation and reviewed those records. Those leads pertained to investigations into third parties and were not investigations concerning Greenpeace. Seidel Decl. ¶ 19. The FBI also researched the originating files for those documents and determined that those files were destroyed in 1991 and 2004 pursuant to record disposition guidelines. Supp. Seidel Decl. ¶¶ 6, 7. Accordingly, the FBI's search was appropriately expansive, and there was no basis to further expand the search.

*   *   *

## CONCLUSION

For these reasons, and those reasons stated in the Department's motion, the Department is entitled to summary judgment.

Dated: November 15, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:       */s/ Thomas W. Duffey*
THOMAS W. DUFFEY
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2510

*Attorneys for the United States of America*